Omar D. **HART;** R.C. **Story;** Brenda Jo **Rollins;** William C. **Dailey;** and William K. **Evans,** Appellants,

v.

**PERSONNEL BOARD, COMMONWEALTH OF KENTUCKY;** and Department of Education, Appellees.

No. 93–CA–002893–MR.

Court of Appeals of Kentucky.

July 14, 1995.

Case Ordered Published by Court of Appeals Sept. 1, 1995.

C. David Emerson, Emerson & Bayer, Lexington, for appellants.

Steven G. Bolton, Kentucky Personnel Board, Frankfort, Kevin M. Noland, Department of Education, Frankfort, for appellees.

Before COMBS, DYCHE and HUDDLESTON, JJ.

HUDDLESTON, Judge.

On June 30, 1991, all employment positions in the Department of Education (Department) were abolished by the legislative mandate of Ky.Rev.Stat. (KRS) 156.016. This statute is part of the Kentucky Education Reform Act (KERA) which was passed by the 1990 General Assembly in response to the Kentucky Supreme Court's decision in *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989). The purpose of the Act is to transform Kentucky's education system.

The General Assembly authorized the Commissioner of Education (Commissioner) to reorganize the Department. To achieve reorganization, the Commissioner was allowed to chose the employees who would be rehired. Rehired former employees were allowed to carry over their accrued sick and annual leave and maintain the same salary increment date that they had before termination. However, all were placed on "initial probation"[1] for 12 months as new employees. KRS 18A.111; 101 KAR 1:325. The probationary period was designed to assess each employee's performance in facilitating the implementation of KERA.

The appellants were among the Department employees who were terminated and then rehired on July 1, 1991. The appellants were notified of their "initial probation" status in July 1991 and again by written communication from the Commissioner in September 1991. Before the appellants completed their "initial probation" period, they were discharged. Each appealed to the Kentucky Personnel Board (Board) within 30 days challenging the dismissals as being without cause.

Adopting the Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order, the Board dismissed the appeals, filed in May and June 1992, because they had not been filed within thirty days of the assignment of "initial probation" in July 1991. This

---

1. KRS 18A.005(16). " 'Initial probation' means the period of service following initial appointment to any position under KRS 18A.010 to 18A.200 which requires special observation and evaluation of an employee's work and which must be passed successfully before status may be conferred as provided in KRS 18A.110 and by the provisions of this chapter. * * * 'Initial probation' does not include a probationary period served by a laid-off employee who accepts a bona fide written offer of appointment...."

decision was based on the proposition that the original "penalization" had occurred when the appellants were placed on this probationary status.[2] Furthermore, the Board found that because these employees were on "initial probation" they did not have a right to an appeal under KRS 18A.111.[3]

The employees appealed to Franklin Circuit Court which affirmed the Board. Now, the appellants have reached this Court requesting that their cases be remanded to the circuit court with directions to order the Personnel Board to hold an evidentiary hearing.

The appellants make two arguments in support of their claim that the Board erred in dismissing their appeals. *First,* they claim that their appeals were filed within the time limit imposed by KRS 18A.095. Contrary to the Board's findings, the appellants argue, their dismissals in 1992 were separate and distinct "penalizations" from the imposition of "initial probation" in July 1991. Therefore, when the employees challenged their final terminations within thirty days, the appeals from that "penalization" were timely filed. *Second,* the appellants contest their classification as "initial probationary employees" at the time of their dismissals. They claim that they were either "reemployed" or "reinstated" employees and should have been serving a "promotional probation." Under this type of probation, the appellants retain their rights to appeal to the Board because they remain classified employees with "status."[4]

■ Under KRS 18A.095, a classified employee that has been dismissed has thirty days in which to file an appeal.[5] All of the appellants acted within that thirty-day limit. Yet, the Board disputes the timeliness of those appeals claiming that the employees should have appealed within thirty days of their placement on "initial probation." The Board views the appellants' terminations as the culmination of their initial "penalization" of an initial probationary period. We disagree.

The "initial probation" was not a "penalization" from which the employees could have appealed. All state personnel are placed on probation upon employment. This probation is used to evaluate a new employee's job performance. Likewise, the Department employees that were rehired in July 1991 were all placed on probation because they were "new employees" after the enactment of KERA. Accordingly, this imposition of this probationary status cannot be termed a "penalization."

The appellants could not appeal their new status because it was the result of legislative action. The General Assembly, in KRS 156.016, directed that all positions at the Department be abolished. Any employees that were rehired became new employees of a new Department of Education. As new employees, they had to serve the initial probation. Consequently, the placing of the appellants on "initial probation" in July 1991 could not have been challenged. We conclude, therefore, that the appellants did timely appeal their subsequent terminations to the Board.

■ The appellants next argue that they were not on "initial probation" when they were dismissed and so deserve an evidentia-

---

**2.** KRS 18A.005(17) " 'Penalization' shall include, but not be limited to, demotion, dismissal, suspension, fines and other disciplinary actions, involuntary transfers; salary adjustments; any action that diminishes the level, rank, discretion, or responsibility of an employee without proper cause, including a reclassification or reallocation; and the abridgement or denial of other rights granted to state employees...."

**3.** KRS 18A.111 provides, in part: "(1) Except when appointed to a job classification with an initial probationary period in excess of six (6) months, and except as provided in KRS 18A.005, an employee shall serve a six (6) months probationary period when he is initially appointed to

the classified service. An employee may be separated from his position, reduced in class or rank, or replaced on the eligible list during this initial probationary period and shall not have a right to appeal, except as provided by KRS 18A.095."

**4.** KRS 18A.005(31) " 'Status' means the acquisition of tenure with all rights and privileges granted by the provisions of this chapter after satisfactory completion of the initial probationary period by an employee in the classified service...."

**5.** KRS 18A.095 has been amended to increase the time in which to appeal to sixty days.

ry hearing before the Personnel Board. They claim that they were either "reinstated" or "reemployed." "Reinstated" is defined in KRS 18A.005(27) as "the restoration of an employee who has resigned in good standing, or who has been ordered reinstated by the board or a court to a position in his former class, or to a position of like status and pay." "Reemployed" is defined in KRS 18A.005(24) as "the rehiring of an employee with status who has been laid off." In either status, the appellants would have been placed on "promotional probation." Unlike "initial probation," employees maintain their rights and privileges, such as appeals, during "promotional probation." KRS 18A.111(4).

To support this claim, the appellants list several administrative actions. First, the employees carried over any accrued sick and annual leave from their prior employment with the Department. The appellants also retained their prior salary increment date so they would not have to wait an entire year for a salary increase. Finally, the appellants' employment records list them as reinstated on July 1, 1991.

Although well argued, the appellants' proposition finds no support in the law. Under KRS 156.016, their jobs at the Department were abolished. There could be no "reinstatement" or "reemployment" to positions that no longer existed. The appellants were clearly new employees in new positions at a new Department of Education. Furthermore, the definitions of "reinstatement" and "reemployment" do not cover the process set out in KRS 156.016(1). The appellants could not be reinstated by the Board or a court because the General Assembly had terminated the positions. Also, these appellants had not been laid off; their jobs simply no longer existed. The appellants were new employees on "initial probation" and did not have the right to an appeal during that period. KRS 18A.111(1).

The judgment is affirmed.

All concur.